UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE WILSON, #258602,

    Plaintiff,                                     Hon. Hala Y. Jarbou

v.                                                         Case No. 1:22-cv-875

UNKNOWN ALLEN, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Partial Summary Judgment, (ECF No. 23), and Plaintiff's Motion for Summary Judgment, (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and Plaintiff's motion be denied.

**BACKGROUND**

Plaintiff initiated this action against ten individuals employed at the Carson City Correctional Facility (DRF) where the events in question occurred. At this juncture, however, the only claims remaining are two First Amendment retaliation claims against Defendant Jared Allen. (ECF No. 7-8). Regarding these claims, Plaintiff alleges that in retaliation for filing a Prison Rape Elimination Act (PREA) complaint against another officer, Defendant Allen falsely charged him with a misconduct violation and transferred him to a less desirable correctional facility. Defendant Allen now moves for partial

-1-

summary judgment on exhaustion grounds. Plaintiff responded to Defendant's motion by filing his own motion for summary judgment. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving

party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative

remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id*.).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but

concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

As noted above, Plaintiff alleges that Defendant Allen unlawfully retaliated against him in two ways: (1) by falsely charging him with a misconduct violation and (2) by transferring him to a less desirable correctional facility.  Defendant Allen argues that Plaintiff failed to properly exhaust his retaliatory transfer claim.  In support of his argument, Defendant Allen has submitted evidence demonstrating that Plaintiff failed to properly exhaust this particular claim.  (ECF No. 24-3, PageID.160-94).

In response to Defendant Allen's motion, Plaintiff has failed to present any evidence suggesting that he properly exhausted his available administrative remedies with respect to his retaliatory transfer claim.  Instead, Plaintiff responded by filing a motion for summary judgment in which he argues that "there are clear facts to show what this defendant did, his abusive action was clear retaliation."  (ECF No. 28).  Plaintiff's motion is not supported by any evidence, however.  To prevail on summary judgment, Plaintiff must present *evidence* "sufficient for the court to hold that no

reasonable trier of fact could find other than for [Plaintiff]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Plaintiff has failed to make the requisite showing.

In sum, Plaintiff has failed to present any evidence refuting the evidence presented by Defendant Allen or otherwise suggesting that he properly exhausted his administrative remedies with respect to his retaliatory transfer claim. Plaintiff has likewise failed to present any evidence in support of his own motion for summary judgment. Accordingly, the undersigned recommends that Defendant Allen's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Partial Summary Judgment, (ECF No. 23), be granted; Plaintiff's Motion for Summary Judgment, (ECF No. 28), be denied; and Plaintiff's retaliatory transfer claim be dismissed without prejudice for failure to exhaust administrative remedies.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

Date: October 19, 2023                    /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge