UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE WILSON #258602,

    Plaintiff,                                   Hon. Hala Y. Jarbou

v.                                        Case No. 1:22-CV-875

UNKNOWN ALLEN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Plaintiff's Motion for Reconsideration. (ECF No. 42). Plaintiff recently moved the Court to provide him with a copy of his complaint and to assess the cost for such to the Michigan Department of Corrections (MDOC). (ECF No. 40). The Court denied Plaintiff's motion on the ground that Plaintiff is responsible for his own litigation costs. (ECF No. 41). Plaintiff now moves the Court to reconsider its ruling arguing that he requires the copies in question because "MDOC Staff" lost his legal materials. The undersigned, therefore, interprets Plaintiff's motion as a motion for injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

    Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov=t*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal

remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. First, Plaintiff has failed to demonstrate that he lacks an adequate legal remedy in response to the alleged loss of his legal materials. Second, Plaintiff has failed to support his motion with evidence but instead relies on his unsubstantiated assertions. Thus, Plaintiff has failed to demonstrate that any prison official is responsible for the alleged loss of his legal material or that he would prevail on any legal claim regarding this matter. Finally, the Court finds that interfering in the day-to-day operations of the Michigan Department of Corrections in the absence of evidence warranting such would both cause substantial harm to others and be contrary to the public interest. In sum, consideration of the relevant factors weighs against Plaintiff's motion.

**CONCLUSION**

Accordingly, the undersigned recommends that Plaintiff's Motion for Reconsideration (ECF No. 42) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 10, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

3