UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE EDMUND WILSON,

    Plaintiff,

v.

UNKNOWN OLSON, et al.,

    Defendants.
_____/

Case No. 1:22-cv-875

Hon. Hala Y. Jarbou

**ORDER**

Dwayne E. Wilson, a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"), brought a number of claims against various MDOC officials alleging violations of his constitutional rights. (Compl., ECF No. 1.) All claims have been dismissed other than Wilson's First Amendment retaliation claim against Defendant Jared Allen, a Prison Counselor at Carson City Correctional Facility ("DRF"). (10/19/2022 Order, ECF No. 8.) Before the Court are the magistrate judge's corrected report and recommendation ("R&R") (ECF No. 55) and Wilson's objections to the R&R (ECF No. 56). The magistrate judge recommends that the Court grant Allen's motion for summary judgment (ECF No. 44). For the reasons discussed herein, the Court will adopt the R&R and reject Wilson's objections to the R&R. Allen's summary judgment motion will be granted.

**I. BACKGROUND**

The Court's previous opinion, which dismissed the other claims and defendants, discusses the details of Wilson's allegations in full. (10/19/2022 Op. 2-5, ECF No. 7.) Relevant to the matters before the Court, Wilson filed a Prison Rape Elimination Act ("PREA") complaint against

another officer. Wilson alleges that, in retaliation for filing this PREA complaint, Allen falsely charged him with a misconduct violation for threatening behavior. Wilson claims the misconduct violation was based on a fabricated incident in which Wilson threatened Allen from his cell. After a misconduct hearing on August 16, 2021, the presiding Administrative Law Judge ("ALJ") found that Wilson threatened Allen and was guilty of a threatening behavior violation. (Hr'g Report, ECF No. 1-1, PageID.19-21.)

Allen filed a motion for summary judgment to dismiss Wilson's remaining claim. The magistrate judge first identified the three elements of a First Amendment retaliation claim, noting that for Wilson to prevail, he must show that Allen's alleged adverse action (filing the misconduct violation against Wilson) was motivated by Wilson's protected conduct (Wilson's initial PREA complaint against another officer). As the magistrate judge correctly pointed out, if a defendant "show[s] that [they] would have taken the same action even without the protected activity," they are entitled to summary judgment. *Thomas v. Eby*, 481 F.3d 434, 442-43 (6th Cir. 2007). If the defendant acted independently of the protected activity, the retaliation claim fails.

The magistrate judge determined that the ALJ's findings have preclusive effect; federal courts should accept the fact that Wilson engaged in threatening behavior towards Allen. Because Allen was required to report this behavior under MDOC policy, the magistrate judge held that Allen's alleged adverse action was not motivated by Wilson's protected activity. He would have filed the misconduct violation regardless of whether Wilson had filed a PREA complaint. Thus, the magistrate judge recommended this Court grant Allen's motion for summary judgment.

## II. STANDARD

### A. R&R Review Standard

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Because Wilson is proceeding pro se, this Court will construe his objections liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court can only apply this liberal construction to properly made objections. *See Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016).

### B. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)).

Summary judgment is not an opportunity for the Court to resolve factual disputes. *Anderson*, 477 U.S. at 249. The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

### III. ANALYSIS

When a plaintiff fails to raise specific issues with the magistrate judge's analysis, and instead merely rehashes arguments from previous filings, they have not filed a proper objection to

3

the R&R.  *See, e.g.*, *Carter*, 829 F.3d at 472 ("In general, 'the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'" (quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004))); *Prevost v. Saul*, No. 20-cv-11961, 2021 WL 1940487, at *2 (E.D. Mich. May 14, 2021) ("Objections to a Magistrate Judges' report and recommendation are not meant to be simply a vehicle to rehash arguments set forth in the petition.").

Here, Wilson's objections do not address the substance of the magistrate judge's R&R, providing nothing that suggests the magistrate judge misapplied the law or failed to consider relevant facts.  Instead, his objections relitigate his initial, orthogonal arguments on the summary judgment motion, calling the ALJ's hearing—and the subsequent preclusive effect on the magistrate's process—unfair.  Unfortunately, his dissatisfaction with the result does not render the process unfair.  The ALJ followed the required procedural safeguards for the misconduct hearing and weighed the evidence.  (Hr'g Report, PageID.19-21.)  Wilson was given an opportunity to testify and present his case. He was unsuccessful, but nothing in the record suggests he was treated unfairly.  Appealing the ALJ's decision is the proper remedy to address his concerns with the misconduct hearing.  Wilson did not indicate any hinderance or interference with his right to appeal.  Similarly, a magistrate judge applying the correct legal standard is not "unfair."  Rather, ensuring courts apply the law as designed is the paramount charge of the judiciary.  Correct application of the law is the ultimate test of fairness.  The magistrate judge upheld his role in this endeavor.

While there are limited, narrow exceptions that allow courts to excuse the shortcomings of objections that fail to address the specifics of an R&R, none apply here.  This is not a case: (1) for which declining review would produce a plain miscarriage of justice; (2) in which hearing an issue "would serve an overarching purpose other than simply reaching the correct result"; or (3) an issue

is "presented with sufficient clarity such that no factual development would be required and resolving the issue would promote the finality of litigation." *Id.* (quoting *Henson v. Warden of London Corr. Inst.*, 620 F. App'x 417, 420 (6th Cir. 2015)).  There is no justice in detracting from the principles of collateral estoppel and federalism that the Court advances by giving weight to state adjudications (particularly when the magistrate judge's analysis considered whether Wilson had the right to appeal his ALJ hearing and address any issues he had with this initial proceeding). *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 798-99 & n.6 (1986) (explaining the important interests served by giving preclusive effect to state administrative tribunals).  There is no additional overarching purpose that an alternative decision would advance.  And Wilson does not present any such issue with clarity.

Wilson does not object to the legal standard the magistrate judge adopted nor the legal conclusions.  He does not contest that the magistrate judge misapplied or improperly analyzed the factors that determine whether the ALJ's findings have preclusive effect: that the ALJ was acting in a judicial capacity, that the hearing resolved a disputed issue of fact, that he could adequately litigate this factual dispute, and that ALJ's findings would have preclusive effect in state court. *See Peterson v. Johnson*, 714 F.3d 905, 912-14 (6th Cir. 2013).  His objections can be construed as asking the Court to revisit its approach to the preclusive effect of ALJ factfinding, but this Court's role is to apply the law faithfully.  ALJ factfinding has preclusive effect in this context. *Id.*

If Wilson thinks the courts should treat ALJ decisions differently, in terms of their preclusive effect, he has every right to make such an argument.  However, the Court of Appeals has spoken on this issue, explaining how the preclusive effect of ALJ factfinding preserves due process safeguards.  *Peterson*, 714 F.3d at 912-13.  Similarly, the Supreme Court has addressed

why giving these types of adjudications preclusive effect advances the foundational principles of collateral estoppel and federalism. *See Univ. of Tenn.*, 478 U.S. at 798-99 & n.6. This Court cannot change the standards by which it is bound, nor would it, given the values that preclusion preserves in this context. The one-bite-at-the-apple principle is a foundational element of fairness. As is the respect for state adjudicative processes. Nonetheless, Wilson may argue otherwise to the Court of Appeals if he so chooses. The right to appeal is another element of fairness embedded in our judicial system.

Once the magistrate judge correctly determined that the ALJ's factfinding in the misconduct hearing regarding Wilson's threatening behavior had preclusive effect, granting summary judgment was appropriate. Because Allen was subjected to threatening behavior, he was required to file a misconduct report. (MDOC Pol'y Directive 03.03.105, ECF No. 45-8, PageID.366, PageID.381 (classifying threatening behavior as a Class I Misconduct and explaining that "[a] Misconduct Report *shall* be written" for this conduct (emphasis added)).) Because he was required to file this report, such filing was not motivated by retaliation against Wilson's PREA complaint. *See Thomas*, 481 F.3d at 442-43. If the defendant acted independently of the protected activity, the retaliation claim fails. *Id.* The magistrate judge held as such, correctly applying the proper legal standards. Wilson does not raise any questions of material fact nor any proper objections to the R&R.

### IV. CONCLUSION

Wilson did not file proper objections to the R&R. Even if he did, the magistrate judge used the proper legal standards and applied them correctly. Allen's motion for summary judgment will be granted.

Accordingly,

**IT IS ORDERED** that the corrected report and recommendation ("R&R") of the magistrate judge (ECF No. 55) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the outdated report and recommendation (ECF No. 54) is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant Allen's motion for summary judgment (ECF No. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Wilson's objections (ECF No. 56) to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff Wilson's claim against Defendant Allen is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

The Court will enter a judgment consistent with this Order.

Dated: December 20, 2024          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE